**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **MCS INDUSTRIES, INC.** : | **CIVIL ACTION** |
| 2280 Newlins Mill Road : | |
| Easton, Pennsylvania 18045 : | Case No. 5:22-cv-03436-JLS |
| : | |
| *Plaintiff* : | **JURY TRIAL DEMANDED** |
| : | |
| v. : | |
| : | |
| **AT HOME STORES LLC** : | |
| 1600 East Plano Parkway : | |
| Plano, Texas 75074 : | |
| : | |
| -and- : | |
| : | |
| **AT HOME PROCUREMENT INC.** : | |
| 1600 East Plano Parkway : | |
| Plano, Texas 75074 : | |
| : | |
| *Defendants* : | |
| : | |

**PLAINTIFF MCS INDUSTRIES, INC.'S MOTION FOR A TEMPORARY
RESTRAINING ORDER AND INJUNCTIVE RELIEF PURSUANT TO FED.R.CIV.P. 65**

Plaintiff MCS Industries, Inc. ("MCS"), by its undersigned counsel Bochetto & Lentz, P.C., hereby moves for a Temporary Restraining Order and Preliminary Injunction to be entered against Defendants At Home Stores LLC and At Home Procurement Inc. (collectively, "At Home") and in support thereof avers as follows:

1.     The grounds and authorities that support MCS' Motion are set forth in the accompanying Memorandum of Law, the attached Affidavit of Michael Pyle (attached as **Exhibit "A"** and incorporated herein by reference) and MCS' Verified Complaint (which is attached as **Exhibit "B"** and incorporated by reference).

2.     MCS has notified At Home of its intent to file the instant motion and made best

efforts to contact At Home's legal counsel both before and after filing this motion. Notice was sent via email to At Home's General Counsel.

3.      MCS seeks a temporary restraining order and a preliminary injunction to be entered against At Home, enjoining their marketing and sale of over-the door -mirrors that have been identified in the Complaint as products that directly infringe on Plaintiff's federally registered patents (the "Infringing Product") because it literally infringes at least one claim in each of the following patents held by Plaintiff; United States Patent No. 10,835,061, United States Patent No. 9,801,478, United States Patent No. 9,480,350, and United States Patent No. 8,534,627 (collectively, "the Patents-in-Suit").

**<u>Emergency Injunctive Relief is Necessary to Prevent Irreparable Harm to the Plaintiff</u>**

4.      MCS seeks emergent relief to enjoin At Home's unlawful  conduct, which has and will continue to cause irreparable harm to Plaintiff and Plaintiff's licensees, because the Infringing Product is a popular "back-to-school" item and the bulk of the Infringing Product's sales occur annually  between July and the end of September, and because At Home is retailing the Infringing Product for a substantial discount from MCS' lawful licensees, eroding the product's market price.

5.      This court should grant a preliminary injunction because MCS' Patents-in-Suit enjoy a statutory presumption of validity pursuant to 35 U.S.C. § 282, and MCS has shown a likelihood of success on the merits on the issue of both the validity of the Patents-in-Suit and infringement by the Defendants.

6.      This court should grant a preliminary injunction protecting Plaintiff's patent rights as the claim chart attached to Plaintiff's Verified Complaint as Exhibits F – I  makes it unquestionably clear that the Infringing Product literally infringes the claims in the Patents-in-Suit and there is no question that the Infringing Product was manufactured using the drawings and

specifications claimed in the Patents-in-Suit.

7.     This court should grant a preliminary injunction because the balance of equities (or harms) weighs in MCS' favor as MCS has and will continue to incur irreparable  harm, which greatly outweighs any alleged that At Home would suffer if it were enjoined from selling the Infringing Product while the parties litigate the merits of the dispute.

8.      Public interest would be best served by protecting and enforcing MCS' rights to protect its patents, and would not be injured by the grant of preliminary relief while this Court resolves the merits of MCS' claims against At Home.

**WHEREFORE**, Plaintiff respectfully requests that this Court grant Plaintiff's motion for a temporary restraining order, enjoining Defendant from marketing and selling the Infringing Product until this litigation is resolved.

Respectfully submitted,

**BOCHETTO & LENTZ, P.C.**

*/s/ Gavin P. Lentz*

Date: August 29, 2022          By: _____

Gavin P. Lentz, Esquire (53609)
Kean C. Maynard, Esquire (327794)
1524 Locust Street
Philadelphia, PA 19102
(215) 735-3900
glentz@bochettoandlentz.com
kmaynard@bochettoandlentz.com
*Attorneys for Plaintiff*

3