IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MCS INDUSTRIES, INC.** | : | CIVIL ACTION |
| | : | |
| v. | : | NO.  22-3436 |
| | : | |
| **AT HOME STORES, LLC, et al.** | : | |

### MEMORANDUM

**SCHMEHL, J.**   /s/ JLS                                                                       **SEPTEMBER  8, 2022**

Plaintiff, a Pennsylvania based corporation that owns a portfolio of patents covering over-the-door mirrors and over-the-door hanging apparatus, brought this action on August 26, 2022, claiming Defendants, a nationwide retailer of consumer goods and its procurement company, were selling over-the-door mirrors with bracketry in their retail stores that infringe on the Plaintiff's patents. On August 29, 2022, the Plaintiff filed an emergency motion for a temporary restraining order pursuant to Rule 65 of the Federal Rules of Civil Procedure. Plaintiff seeks an order temporarily enjoining Defendants from further selling the alleged infringing mirrors. On August 30, 2022, Plaintiff filed a motion for expedited discovery. Defendants filed a preliminary response to TRO motion on August 31, 2022. On September 1, 2022, the Court held a telephonic oral argument on the motion.[1] For the reasons that follow, the motion is denied.

---

[1] Following oral argument, the Court issued an Order that specifically instructed Plaintiff to "submit an affidavit(s) in support of its argument that it will suffer irreparable harm if a TRO is not issued by the close of business on Friday, September 2, 2022." [ECF 16.] The Order further allowed the Defendants to file a response by 12:00 p.m. on Tuesday, September 6, 2022.
Although Plaintiff did submit the affidavit of Michael Pyle ("Pyle"), the Plaintiff also, without seeking the Court's permission, cavalierly filed a 20-page reply brief in support of its affidavit. Defendants argue that this brief should be stricken and Plaintiff should have to reimburse Defendants for having to file their own

1

**STANDARD OF REVIEW**

Courts apply one standard when considering whether to issue interim injunctive relief, regardless of whether a petitioner requests a temporary restraining order ("TRO") or preliminary injunction. *See Ellakkany v. Common Pleas Court of Montgomery Cnty.*, 658 Fed.Appx. 25, 27 (3d Cir. 2016) (applying one standard to a motion for both a TRO and preliminary injunction). A TRO is usually used as a means of preserving the status quo. *Hope v. Warden York County Prison*, 956 F. 3d 156, 160 (3d Cir. 2020). A "[p]reliminary injuncti[on] ... is an 'extraordinary remedy, which should be granted only in limited circumstances.'" *Ferring Pharms., Inc. v. Watson Pharms., Inc.*, 765 F.3d 205, 210 (3d Cir. 2014) (quoting *Novartis Consumer Health, Inc. v. Johnson & Johnson-Merck Consumer Pharms. Co.*, 290 F.3d 578, 586 (3d Cir. 2002)). Plaintiff bears the burden of establishing it is "likely to succeed on the merits ...[,] likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [its] favor, and that an injunction is in the public interest." *Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008) (citations omitted).

The first two factors are "gateway factors" and are "most critical." *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017), as amended (June 26, 2017). If these gateway factors are met, a court then considers the remaining two factors. *Id*. "A plaintiff's failure to establish any element in [its] favor renders a preliminary injunction inappropriate." *Nutrasweet Co. v. VitMar Enters.*, 176 F.3d 151, 153 (3d Cir. 1999).

---

brief in response. While the Court will not strike the Plaintiff's reply brief and will in fact consider it, the Court cautions Plaintiff's counsel, who represents Plaintiff in other similar cases before the Court, that such unilateral actions will not be tolerated in the future.

To succeed on its Motion, Plaintiff "must demonstrate...the probability of irreparable harm if relief is not granted." *Frank's GMC Truck Center, Inc. v. General Motors Corp.*, 847 F.2d 100, 102 (3d Cir. 1988) (internal quotations omitted). "In order to demonstrate irreparable harm the plaintiff must demonstrate potential harm which cannot be redressed by a legal or an equitable remedy following a trial"..."the temporary restraining order..."must be the only way of protecting the plaintiff from harm." *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 801 (3d Cir. 1989). The moving party must demonstrate that it is likely to suffer "actual or imminent harm which cannot otherwise be compensated by money damages," or it "fail[s] to sustain its substantial burden of showing irreparable harm." *Frank's GMC*, 847 F.2d at 103. The mere risk of injury is insufficient. The moving party must establish that the harm is imminent and probable. *Anderson v. Davila*, 125 F.3d 148, 164 (3d Cir. 1997). In order to be imminent, the injury cannot be remote or speculative; it must be poised to occur before the District Court can hold a trial on the merits. *See BP Chems. Ltd. v. Formosa Chem. & Fibre Corp.*, 229 F.3d 254, 263-64 (3d Cir. 2000). In the patent arena, "[p]rice erosion, loss of goodwill, damage to reputation, and loss of business opportunities are all valid grounds for finding irreparable harm."*Celsis In Vitro, Inc. v. CellzDirect, Inc.,* 664 F.3d 922, 930 (Fed. Cir. 2012).

With regard to price erosion, Plaintiff claims that because its over-the-door mirror is a "back-to-school" item there is a short time span (approximately July 1 to September 30) that accounts for a "significant portion of the mirror's annual sales" and permitting the Defendants to sell their mirrors during this time period "will cause significant price erosion and decreased revenues for Plaintiff and its licensees." [ECF 5-1 at p. 12.]

Plaintiff has not produced any sales figures nor any other measure of diminished market share for its mirrors. In fact, Plaintiff does not even state anywhere in its Complaint or Motion the list price for its over-the-door mirror.

However, in a previous case before this Court, *MCS Indus. Inc. v. Aldi Inc.*, No. 5:21-cv-03828 (E.D. Pa. 2021), Plaintiff stated that the sales price for the exact same over-the-door-mirror as the one in this case was $15.00. *Id*. at ECF 4-1 at pp. 3-4. Plaintiff itself identifies through photographs attached to its Complaint that the listing prices of Defendants' mirrors in this case that are the same size as Plaintiff's are $16.99 and $22.99. [ECF 1-7 at pp. 4-14.] The fact that Defendants' mirrors are listed at a higher price than Plaintiff's mirrors dispels any suggestion of price erosion.[2]

Plaintiff makes only general and vague statements as to other examples of irreparable harm it contends it will suffer in the absence of a TRO. For instance, Pyle avers that "[r]ecently, [Plaintiff's] customers have discovered other retailers selling non-authorized over-the-door mirrors utilizing [Plaintiff's] intellectual property. These incidents have resulted in [Plaintiff's] customers expressing discontent and requesting meetings and immediate action to address this issue." [ECF 18-1 at ¶10.] Plaintiff has not identified a single customer that has expressed discontent, requested meetings or threatened to stop doing business with Plaintiff because of the Defendants' sales of its over-the-door mirrors.

---

[2] In the *Aldi* case, the Plaintiffs demonstrated that the Defendant was selling its mirrors for $12.99 which was less than the $15.00 list price for Plaintiff's mirrors. Accordingly, the Court found that Plaintiff had shown price erosion and based largely in part on that finding, the Court found that Plaintiff had demonstrated irreparable harm.

Although Plaintiff claims it has been forced by Defendants' actions to bid for customers' business by some of its biggest customers, including Walmart and Target Corporation, it has failed to support this claim with any documentary evidence.

Finally, Plaintiff has not identified any lost business opportunities with any customers other than Defendants. Plaintiff certainly does not claim it will go out of business in the absence of a TRO. Plaintiff offers no evidence that customers who purchased Defendants' mirrors would have otherwise purchased Plaintiff's mirrors.

Plaintiff also claims that it cannot be adequately compensated by the statutory scheme. The Court does not agree. If Plaintiff is ultimately successful in this action, it will be entitled to damages "adequate to compensate for the infringement, but in no event less than a reasonable royalty." 35 U.S.C. § 284. The same section also gives the court discretion to "increase the damages up to three times the amount found or assessed." In addition, under 35 U.S.C. § 285, a "court in exceptional cases may award reasonable attorney fees to the prevailing party."

Because Plaintiff has failed to adequately demonstrate that it is likely to suffer "actual or imminent harm which cannot otherwise be compensated by money damages," it has failed to "sustain its substantial burden of showing irreparable harm." *Frank's GMC*, 847 F.2d at 103.